NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ARELLANO-CARILLO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 25-689 Agency No. A206-547-921 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025**
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District

Judge.***

Jose Arellano-Carillo ("Arellano-Carillo"), a native and citizen of Mexico,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

affirming the Immigration Judge's ("IJ's") decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction to review the agency's application of the statutory eligibility requirements for a petition for cancellation of removal as a mixed question of law and fact. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024).

Because the BIA affirmed the IJ and added some of its own reasoning, we review the BIA's decision and those parts of the IJ's decision on which the BIA's decision relies. *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217 (9th Cir. 2022). We review agency decisions applying the exceptional and unusual hardship standard to a given set of facts for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review purely legal questions de novo. *Salguero Sosa*, 55 F.4th at 1217.

When evaluating whether qualifying relatives would experience exceptional and extremely unusual hardship, the agency considers factors including "'the ages, health, and circumstances' of [the] qualifying relatives." *Gonzalez-Juarez*, 137 F.4th at 1006 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001)). The hardship suffered must be "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country." *Id.* (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 62).

The IJ determined that Arellano-Carillo did not establish that his United

States citizen wife and two United States citizen children would experience exceptional and extremely unusual circumstances if he were removed, rendering him ineligible for cancellation of removal. As part of the underlying findings, the IJ found both Arellano-Carillo's testimony and his wife's testimony not credible. On appeal, the BIA determined that, even assuming that his wife's testimony was credible, Arellano-Carillo provided insufficient evidence to establish that any hardship his family might suffer would go beyond the ordinary hardship expected when a family member is removed.

Arellano-Carillo argues that the BIA erred by presuming his wife's credibility but nevertheless concluding that he presented insufficient evidence to establish the requisite hardship. This argument is foreclosed by the Supreme Court's decision in *Garland v. Ming Dai*, 593 U.S. 357 (2021). "[E]ven if the BIA treats [a noncitizen's] evidence as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof." *Id.* at 371. Indeed, the agency is "free to credit part of [a] witness' testimony without necessarily accepting it all" and regardless of how much of the testimony the agency accepts, "its reasonable findings may not be disturbed." *Id.* at 366 (quotation marks omitted) (alteration in original). Even if the BIA deemed Arellano-Carillo's wife's testimony credible, it was still free to disagree with her assessment of the hardship she would face. Here, the BIA determined that Arellano-Carillo did not show his wife would be unable to

work or care for her son on her own, even assuming her assertions regarding her pain were true. Substantial evidence supports that determination.

Arellano-Carillo also argues that the BIA erred as a matter of law by considering his wife's current, ongoing medical condition instead of how her condition might change if Arellano-Carillo were removed. This characterization of the BIA's decision is mistaken. While the BIA found that there was "insufficient evidence to show that she has an ongoing medical condition," the BIA also "affirm[ed] the Immigration Judge's finding that the respondent did not show that his wife would . . . suffer additional hardship due to medical concerns if he is removed." The BIA also considered emotional and economic factors in the aggregate, citing portions of the IJ's decision and Arellano-Carillo's wife's testimony regarding her medical condition and ability to care for her son. Thus, the BIA committed no error of law. We do not have jurisdiction to review the factual underpinnings of an IJ's determination that a family member's medical condition is insufficiently serious to establish the requisite hardship. *Wilkinson*, 601 U.S. at 225 ("[A]n IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable.").

Substantial evidence supports the BIA's determination that Arellano-Carillo did not demonstrate that his qualifying relatives would face exceptional and

unusual hardship if he were removed. Therefore, we deny the petition.

**PETITION DENIED.**[1]

---

[1] The stay of removal will dissolve upon the issuance of the mandate.